# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BARRY B. SNYDER,

    Plaintiff,

v.

                                    Case No. 6:19-cv-02246

NATIONAL RECOVERIES, INC.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, BARRY B. SNYDER, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, NATIONAL RECOVERIES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. BARRY B. SNYDER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 8663 Sand Lake Shores Drive, Orlando, Florida 32836.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONAL RECOVERIES, INC. ("Defendant") is a corporation organized under the laws of Minnesota.

1

7. Defendant has its principal place of business at 14735 Highway 65 NE, Ham Lake, Minnesota 55304.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On or before November 1, 2019, U.S. Department of Education enlisted Defendant to collect Plaintiff's defaulted $97,752.47 federal student aid account balance.

11. Plaintiff's alleged $97,752.47 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes (student loans).

12. On November 1st, 2019, Defendant sent Plaintiff a written communication (the "November 1st Letter") stating, in part:

> This notice regarding your defaulted student loan **or** grant overpayment held by the U.S. Department of Education is from National Recoveries, Inc.

13. On November 12th, 2019, Defendant sent Plaintiff another written communication (the "November 12th Letter") stating, in part:

> This notice regarding your defaulted student loan **or** grant overpayment held by the U.S. Department of Education is from National Recoveries, Inc.

14. Because neither Defendant's November 1st nor November 12th Letters unequivocally identified whether Defendant is seeking to collect defaulted student loan debt **or**

grant overpayment, Plaintiff was confused as to what Defendant was trying to collect for – defaulted student loan debt **or** grant overpayment.

15.     Defendant's November 1st and November 12th Letters caused enough confusion/uncertainty to lead Plaintiff to question whether Defendant's business was legitimate and reputable.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

16.     Paragraphs 10 through 18 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e**

17.     Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15 U.S.C. § 1692e

18.     Although the word "confusing" does not appear in section 1692e, the Seventh Circuit has "interpreted the FDCPA to prohibit confusing presentations." *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018). Under this standard, a letter might be literally true, but still be misleading or confusing. *Id* at 344.

19.     Defendant violated 15 U.S.C. § 1692e by failing to plainly identify whether they were seeking to collect defaulted student loan debt or grant overpayment.

20.     Specifically, neither Defendant's November 1st nor November 12th Letters unequivocally identified whether Defendant is seeking to collect defaulted student loan debt or

grant overpayment; creating confusion/uncertainty as to what precisely Defendant was trying to collect on.

21.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692e;

B.     an award of any actual damages sustained by Plaintiff;

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 26, 2019

Respectfully submitted,

**BARRY B. SNYDER**

By: *Alexander J. Taylor*

Alexander J. Taylor
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*